# IN THE COURT OF APPEALS OF IOWA

No. 18-2200
Filed February 20, 2019

**IN THE INTEREST OF L.A.,**
**Minor Child,**

**P.M. and M.M., Intervenors,**
   Appellants.

_____

Appeal from the Iowa District Court for Dickinson County, David C. Larson,

District Associate Judge.


A child's foster family appeals the juvenile court's denial of their motion for

temporary injunction. **AFFIRMED.**


Tisha M. Halverson of Klay, Veldhuizen, Bindner, De Jong & Halverson,

PLC, Paullina, for appellant intervenors.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Shannon Sandy, Spirit Lake, guardian ad litem for minor child.


Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

In March 2018, the child at issue, L.A., was removed from his mother's care and placed in the custody of the Iowa Department of Human Services ("IDHS") for placement in foster care. In April 2018, the child was adjudicated in need of assistance, and the juvenile court ordered the child remain in the custody of IDHS for placement in family foster care. IDHS subsequently placed L.A. with a foster family. In August 2018, IDHS notified L.A.'s foster family it intended to end placement of L.A. in their home and place L.A. with a different family, which was already providing care to L.A.'s older half-sibling. *See* Iowa Code § 232.108 (2018) (recognizing a preference that siblings be placed together). L.A.'s foster family moved to intervene in this proceeding and sought a temporary injunction to prohibit IDHS from changing L.A.'s placement. The juvenile court granted the foster family's motion to intervene, but it denied the motion for temporary injunction. The foster family timely filed this appeal to challenge the denial of their motion for temporary injunction.[1]

We review child-in-need-of-assistance proceedings de novo. *See In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We examine both the facts and law, and we "adjudicate [anew] those issues properly preserved and presented." *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). "Although our review is de novo, we

---

[1] At the same time the foster family moved to intervene and moved for a temporary injunction, the child's guardian ad litem filed a motion to modify the dispositional order and have custody of L.A. placed in the foster family. The district court denied this motion, and the guardian ad litem did not appeal that order. The guardian ad litem filed a joinder in the foster family's petition on appeal. The guardian ad litem's joinder is disallowed. *See* Iowa R. App. P. 6.201(2) ("Joinder disallowed. A party may not join in a petition on appeal that another party files separately."). We thus do not consider the arguments raised in the guardian ad litem's motion in the district court.

afford deference to the district court for institutional and pragmatic reasons."
*Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017).

On de novo review, we conclude the juvenile court did not err in denying the foster family's motion for temporary injunction. Here, the dispositional order placed L.A. in the custody of IDHS for placement in foster family care. As we explained in a recent case, the particular physical placement of the child was at IDHS's discretion:

> Once the juvenile court selected IDHS to serve as the child's custodian, it was not the juvenile court's place to select the particular physical placement of the child. Instead, IDHS, as legal custodian of the child, was vested with the authority to select the particular foster care placement subject to the juvenile court's review. *See* Iowa Code § 232.2(11)(b)(1) (providing the custodian has the right to "maintain or transfer to another the physical possession of that child"). Even if the juvenile court could have directed the particular placement of the child at issue, the physical placement was in the best interest of the child. Here, IDHS placed the child in a proven foster home with the child's sibling and half-sibling. There is a preference for continued sibling contact. *See* Iowa Code § 232.108.

*In re L.B.*, No. 18-1165, 2018 WL 4361066, at *2 (Iowa Ct. App. Sept. 12, 2018). There was no legal basis for the juvenile court to enter a temporary injunction to prohibit IDHS from doing what it was entitled to do.

In review of the record, we are cognizant of the excellent work this foster family has done in providing care to L.A., and we understand the family's desire to continue to provide care for L.A. However, this does not create a legal ground to interfere with the custodian's placement determination:

> The foster care system is designed to provide temporary, not permanent, homes for children. This is to facilitate the goals of reunification with the parents or placement in a relative's home. We certainly recognize the bond that is developed between a foster parent and child. We also recognize that a bond between the foster parents and the child signifies a good foster home. However, if every

foster parent who formed a bond with a child were given enforceable rights to the children, it would upset the goals of the system. The legitimate permanency goals of the guardian, [IDHS] in this case, cannot be disrupted merely because a foster mother decided, at the last hour, that she wished to adopt the child.

*In re E.G.,* 745 N.W.2d 741, 744 (Iowa Ct. App. 2007).

For these reasons, we affirm the judgment of the juvenile court.

**AFFIRMED.**